IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Patricia Edmiston,
      Plaintiff,                    Case No.:

v.

      Defendant.
The Lincoln National Life Insurance Company
_____/

## COMPLAINT
### STATEMENT OF THE CASE

1. This is an action for damages, equitable relief and attorney fees and costs under the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. § 1001, *et seq.*, specifically 29 U.S.C. § 1132(a)(1)(b).

### JURISDICTION AND VENUE

2. This Court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1337, as well as 29 U.S.C. § 1132(e) and 29 U.S.C. §1132(f).

3. Venue is proper in this district, pursuant to 28 U.S.C. § 1391(b) and (c), because the breach of the employee benefits contract between the parties occurred within this district.

### PARTIES AND GENERAL ALLEGATIONS

4. Plaintiff, Patricia Edmiston, is a resident of Pinellas County, Florida  At all times relevant hereto Plaintiff, Patricia Edmiston, was an "employee" of Insurance Administrative Solutions LLC, her "employer",  as those terms are defined in 29 U.S.C. §§ 1002(5) and (6).

5. Defendant, The Lincoln National Life Insurance Company, is a foreign corporation and a fiduciary with respect to such claim, and does business in the Middle  District of Florida.

6. At all times relevant hereto Plaintiff was a "participant" in and a "beneficiary" of a long-term disability insurance plan, as those terms are defined by 29 U.S.C. §§ 1002(7) and (8), and her insurance premium required for coverage under the LTD PLAN had been fully paid or otherwise satisfied.

7. The LTD PLAN is an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1), and may be sued under ERISA as an entity, pursuant to 29 U.S.C. § 1132(d)(1).

8. At all times relevant hereto Plaintiff's employer, Insurance Administrative Solutions LLC was the "plan sponsor" as that term is defined by 29 U.S.C. § 1002(16)(B).   9. At all times relevant hereto Defendant, Insurance Administrative Solutions LLC is the "administrator", of the LTD PLAN, and a "fiduciary" as those terms are defined by 29 U.S.C. §§ 1002, (16) and (21).

10. At all times relevant hereto the LTD PLAN provided for payment of long-term disability benefits in the event Plaintiff became "disabled", as defined in the LTD PLAN.

11. At all times relevant hereto, Plaintiff was "disabled" as that term is defined in the LTD PLAN and this claim relates to benefits under the foregoing plan.

12. Plaintiff has filed or caused to be filed proofs of claim and performed all other conditions precedent to recovering benefits under the LTD PLAN for the loss or losses herein claimed.

13. Plaintiff has exhausted her administrative remedies.

## FACTS

14. Plaintiff realleges and reavers paragraphs 1 through 13 of the Complaint, incorporating them by reference herein as if specifically restated.

15. At all times material to this action there was in full force and effect an insurance plan for long-term disability benefits constituting a binding contract of insurance between the parties.

16. The purpose of the plan was to pay to Plaintiff, Patricia Edmiston, a specified monthly sum in the event that she became disabled. "Disability" and "Disabled" is defined in the policy to mean:

> "**TOTAL DISABILITY** or **TOTALLY DISABLED** will be defined as follows:
>
> 1. During the Elimination Period and Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform:
>
>    a. during the first 12 months following the date of loss, one or more of the Main Duties of his or her Own Occupation; or
>    b. after a period of 12 months following the date of loss, each of the Main Duties of his or her Own Occupation.
> 2. After the Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the Main Duties of any occupation which his or her training, education or experience will reasonably allow."
>
> The loss of a professional license, an occupational license or certification, or a driver's license for any reason does **not**, by itself, constitute Total Disability."

17. Plaintiff was an eligible plan participant of the long-term disability plan at all times material to this action

18. Plaintiff became disabled and stopped working on August 21, 2015 due to adjustment disorder with depressed mood. The claim for Long-term disability benefits was denied on April 19, 2016 and again on July 10, 2017.

19. During this time period, Plaintiff's disability was fully supported by her treating physicians.

20. Since April 20, 2016 the Plaintiff has continued to meet the definition of disability as defined by the Policy and continues to be disabled from not only her occupation but any occupation. She has not worked in any occupation for which she is or may reasonably become qualified for based on her education, training and experience.

21. Plaintiff has entered into a Contract of Representation and has agreed to pay the undersigned an attorney's fee for representation.

## COUNT ONE

### Action to Recover Plan Benefits
### Pursuant to 29 U.S.C. § 1132(a)(1)(B)

23. Plaintiff realleges and reavers paragraphs 1 through 21 of the Complaint, incorporating them by reference herein as if specifically restated.

24. Defendant has failed and refused to pay Plaintiff sums due pursuant to the terms of the LTD PLAN since April 20, 2016 and continuing.

25. Plaintiff is entitled to recover attorney's fees and costs of litigation as authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an Order granting relief from Defendant for benefits due under the LTD PLAN through specific performance of the contract between the parties, together with interest, costs of litigation and attorney's fees.

## COUNT TWO

### Action to Clarify Right to Receive Plan Benefits
### Pursuant to 29 U.S.C. § 1132(a)(1)(B)

26. Plaintiff realleges and reavers paragraphs 1 through 21 of the Complaint, incorporating them by reference herein as if specifically restated.

27. Plaintiff is entitled to benefits under the LTD PLAN.

28. Defendant has denied that Plaintiff is entitled to benefits under the LTD PLAN from April 20, 2016 and continuing.

29. Plaintiff is entitled to clarification of her right to reinstatement under the LTD PLAN.

30. Plaintiff is entitled to recover attorney's fees and costs as authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an order declaring her right to benefits from April 20, 2016 and continuing under the LTD PLAN, pursuant to 29 U.S.C. § 1132(a)(1)(B), and award her attorney's fees and costs of litigation pursuant to 29 U.S.C. § 1132(g).

Dated this 24 day of July, 2017.

Respectfully Submitted,

_____
NANCY L. CAVEY, ESQUIRE
Florida Bar No.: 300934
LAW OFFICES OF NANCY L. CAVEY
821 16th Street North
St. Petersburg, Florida 33705
(727) 894-3188 – Phone
(727) 821-2751 – Fax
cavey@tampabay.rr.com
Attorney for Plaintiff